UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., | ) |
| Plaintiff | ) ) ) |
| vs. | ) No. 07-C-6092 ) |
| JAMES C. HIGDON, CHRISTIAN HIGDON, KAREN HIGDON, URICK THAMELING, HIGDON & HIGDON, INC., THAMELING & HIGDON, LLC and MASTERS TRANSMISSION & AUTO REPAIR, | ) ) ) ) Judge Ronald D. Guzman ) ) Magistrate Judge Schenkier ) ) |
| Defendants. | ) |

## MOTION TO DISMISS BY DEFENDANTS, KAREN HIGDON AND MASTERS TRANSMISSION & AUTO REPAIR, INC.

NOW COME the Defendants, Karen Higdon and Masters Transmission & Auto Repair, Inc. (herein "Masters Auto"), by and through their attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and for their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2)&(3), for lack of personal jurisdiction and improper venue, hereby state as follows:

### FACTUAL BACKGROUND

Plaintiff has filed this action seeking injunctive relief and damages against Defendants, Karen Higdon and Masters Auto. Specifically, Plaintiff has falsely alleged that Karen Higdon incorporated Masters Auto *"for the unlawful purpose of evading the Higdons' non-competition*

1

*commitments under the several franchise agreements and guarantees.*" (See Plaintiff's complaint at p. 13). Plaintiff has further falsely alleged that Karen Higdon has breached her obligations under the "*Middletown Franchise Agreement*" and the "*Original Franchise Agreement.*" (See Plaintiff's complaint at p. 16). Finally, Plaintiff has falsely alleged that Karen Higdon has tortiously interfered with Plaintiff's rights under said "*Middletown Franchise Agreement,*" and has infringed on Plaintiff's trademark rights under the Lanham Act. (See Plaintiff's complaint at pp. 19-22).

Plaintiff has alleged that this Court has jurisdiction over the parties and subject matter in this action based on diversity of citizenship and damages in excess of $75,000.00 (28 U.S.C. Section 1332(a), and the Lanham Act (15 U.S.C. Section 1051, et seq.). Plaintiff further asserts that venue is proper in this Court because a substantial part of the events or omissions giving rise to its claims occurred in this Court's judicial district (28 U.S.C. Section 1391(a)(b)). However, the facts show that this Court lacks personal jurisdiction over Karen Higdon and Masters Auto, and that venue is improper in this judicial district.

Defendants, James C. Higdon and Karen Higdon, currently reside in Georgetown, Indiana, as husband and wife, and have done so for the past eleven years. (See Affidavit of Karen Higdon, attached hereto as Exhibit A, para. 1). Karen Higdon has never resided in the State of Illinois, and maintains no personal contacts with Illinois. (Ex. A, para. 1). Karen Higdon is the sole incorporator, sole officer, and sole shareholder of Masters Auto, which is a Kentucky corporation, with its operations located in Jefferson County, Kentucky. (Ex. A, para. 2).

According to her affidavit, Karen Higdon hired James C. Higdon and Defendant, Urick Thameling, as employees of Masters Auto due to their financial hardship, but James C. Higdon

2

and Urick Thameling are neither officers nor shareholders of Masters Auto. (Ex. A, para. 3). Karen Higdon has never signed, individually or as an officer of Masters Auto, any of the franchise agreements referenced in Plaintiff's Complaint. (Ex. A, para. 5). It is interesting to note that Plaintiff conveniently omitted from its Complaint a copy of the aforementioned *"Original Franchise Agreement"* for Middletown. A copy of the purported original Middletown franchise agreement is attached hereto as Exhibit B, which shows only Nerak, Inc., as a party to the agreement, with no personal guarantors (contrary to the other referenced franchise agreements which contain signed personal guarantees by parties other than Karen Higdon). Karen Higdon neither signed nor was involved in the original Middletown franchise agreement in any manner. (Ex. A, para. 6). Karen Higdon once served as secretary of Nerak, Inc., but she had no business dealings with Moran while serving as secretary. (Ex. A, para. 6). By its very terms, only the personal guaranty section of the aforementioned franchise agreements causes the obligations and covenants to be binding upon the principals of the franchisee corporation or limited liability entity.

Karen Higdon has never transacted business of any nature, either individually or as an officer of Masters Auto, with Plaintiff or in the state of Illinois. (Ex. A, para. 7). Moreover, Karen Higdon has never made or performed any contract connected with the State of Illinois. (Ex. A, para. 8). As stated in Karen Higdon's affidavit, prior to this lawsuit, she possessed no knowledge that James C. Higdon's and Urick Thameling's employment with Masters Auto could be affected by any purported non-compete agreements that allegedly exists between James C. Higdon, Urick Thameling and Plaintiff. (Ex. A, para. 9). Furthermore, Karen Higdon has never

3

knowingly engaged in any conduct that has allegedly infringed in any manner on Plaintiff's proprietary and/or trademark rights. (Ex. A, para. 10).

## LAW & ANALYSIS

### Personal Jurisdiction

This Court may exercise personal jurisdiction over Karen Higdon and Masters Auto only if an Illinois state court could exercise personal jurisdiction. *Real Colors, Inc., v. Jayprakash Patel*, 974 F. Supp. 645 (7th Cir. 1997). Plaintiff bears the burden of establishing a prima facie case for personal jurisdiction. *Real Colors*, 974 F. Supp. at 648. Plaintiff must show that Illinois' long arm statute allows personal jurisdiction, and exercising personal jurisdiction will not violate either the Illinois or United States Constitutions. *Real Colors*, 974 F. Supp. at 648.

The relevant parts of the Illinois long arm statute provide:

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
(1) The transaction of any business within this State;
(2) The commission of a tortious act within this State; [or]
(7) The making or performance of any contract or promise substantially connected with this State;
(b) A court may exercise jurisdiction in any action arising within or without this State against any person who:
(4) Is a natural person or corporation doing business within this State.
( c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.
735 Ill. Comp. Stat. 5/2-209 (West 2007)("735 ILCS 5/2-209)

4

To establish jurisdiction under the Illinois long arm statute for tortious interference with a contract, Plaintiff must allege that Karen Higdon and Masters Auto performed an act which caused an injury in Illinois. *Real Colors*, 974 F. Supp. at 649 (citing from *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 282 (7th Cir. 1990)). Where the alleged injury is economic (as in this case), rather than physical or emotional, Plaintiff must show more than that the alleged harm was felt in Illinois. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). "An economic injury, by itself, is too remote from the defendant's misconduct to support the conclusion that a tortious act was committed in Illinois" *Turnock*, 816 F.2d at 335. If there is an economic injury, Plaintiff must also show an intent to affect an Illinois interest. *Heritage House Restaurants*, 906 F.2d at 282.

Under the Illinois long arm statute, a court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States, which makes the Illinois long arm statute coextensive with Illinois and federal due process requirements. The Illinois Supreme Court has stated that "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois". *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (1990). In *Real Colors*, supra at 651, the Court stated that "because of the limited case law on the Illinois due process requirement for personal jurisdiction, the Court will focus on federal due process" in its analysis. To satisfy the federal due process requirement, this Court can only exercise jurisdiction over Karen Higdon and Masters Auto if they had sufficient "minimum contacts" with Illinois, and if exercising such jurisdiction would "not offend traditional notions of fair play

and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In order to satisfy the requirement for minimum contacts, Karen Higdon and Masters Auto must have purposefully availed itself of the privilege of conducting activities within the state of Illinois, and thus invoking the benefits and protections of the laws of Illinois. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

As stated above, Karen Higdon does not reside within Illinois; has no personal contacts with Illinois; does not transact business within Illinois; has not committed a tort within Illinois; and has not made or performed any contracts with Illinois. Plaintiff cannot produce one iota of evidence that it ever contracted with Karen Higdon, or that Karen Higdon intended to affect Plaintiff's interests in Illinois. In addition, Masters Auto is a Kentucky corporation that does not transact business within Illinois; has not committed a tort within Illinois; and has not made or performed any contracts with Illinois. None of the purported franchise agreements incorporated into Plaintiff's Complaint shows Karen Higdon or Masters Auto as a party, or bears Karen Higdon's signature as a party or guarantor. Moreover, there is no evidence that either Karen Higdon or Masters Auto took any action to avail themselves of the privilege of conducting activities within Illinois. Consequently, Plaintiff simply cannot establish a prima facie case for personal jurisdiction under the Illinois long arm statute, or that comports with Illinois or federal due process requirements.

### Venue

The relevant parts of 28 U.S.C. Section 1391(a)(2) and (b)(2) provide that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Except for Plaintiff's claim under the Lanham Act, Plaintiff's complaint

arises from the aforementioned franchise agreements. As was stated above, neither Karen Higdon nor Masters Auto is a party to said agreements; therefore, the purported choice of forum clause contained in said agreements are not binding. Consequently, venue can only be proper if the breach of said agreements occurred in Illinois. However, because there is no privity of contract between Plaintiff and Karen Higdon or Masters Auto, there can be no breach.

As stated above, Plaintiff cannot produce one iota of evidence that Karen Higdon or Masters Auto intended to affect Plaintiff's interests in Illinois, or committed a tort within Illinois. However, assuming arguendo that there was any trademark infringement under the Lanham Act, such conduct by Karen Higdon or Masters Auto could only be performed in the state of Kentucky where Masters Auto exclusively conducts business. As a result, any alleged claims under the Lanham Act would have occurred in the western district of Kentucky. Clearly, no part of Plaintiff's alleged claims occurred in Illinois, thus venue in this Court is improper.

WHEREFORE, Defendants, Karen Higdon and Masters Auto, respectfully request this Court to enter the attached Order.

Respectfully Submitted:

LEAHY, EISENBERG & FRAENKEL

*s/Howard B. Randell*
Howard B. Randell
**LEAHY, EISENBERG & FRAENKEL, LTD.**
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603-5317
Phone: (312) 368-4554 Fax: (312) 368-4562
hbr@lefltd.com
ARDC #: 6204957
   **Counsel for Defendants, Karen Higdon and
   Masters Transmission & Auto Repair, Inc.**

7

## CERTIFICATE OF SERVICE

      I hereby certify that on December 17, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| **Andrew Peter Bleiman** | **Fredric Adam Cohen** |
|---|---|
| andrew.bleiman@chengcohen.com | fredric.cohen@chengcohen.com |

/s/ Howard B. Randell
Howard B. Randell

Attorneys for Defendants,
Karen Higdon and Masters Transmission & Auto Repair, Inc.