UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) No. 07-C-6092 |
| | ) |
| JAMES C. HIGDON, CHRISTIAN | ) |
| HIGDON, KAREN HIGDON, URICK | ) |
| THAMELING, HIGDON & HIGDON, | ) Judge Ronald Guzman |
| INC., THAMELING & HIGDON, LLC | ) |
| and MASTERS TRANSMISSION & | ) Magistrate Judge Schenkier |
| AUTO REPAIR, | ) |
| | ) |
| Defendants. | ) |

### MOTION TO DISMISS BY DEFENDANTS, JAMES C. HIGDON, CHRISTIAN HIGDON, URICK THAMELING, HIGDON & HIGDON, INC., AND THAMELING & HIGDON, LLC

NOW COME the Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., and Thameling & Higdon, LLC, by and through their attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and for their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2)&(3), for lack of personal jurisdiction and improper venue, hereby state as follows:

### FACTUAL BACKGROUND

Plaintiff has filed this action seeking injunctive relief and damages against Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., and Thameling &

1

Higdon, LLC. Specifically, Plaintiff has alleged that said Defendants breached their obligations under various franchise agreements referenced in Plaintiff's Complaint.

Plaintiff has alleged that this Court has jurisdiction over the parties and subject matter in this action based on diversity of citizenship and damages in excess of $75,000.00 (28 U.S.C. Section 1332(a), and the Lanham Act (15 U.S.C. Section 1051, et seq.). Plaintiff further asserts that venue is proper in this Court because a substantial part of the events or omissions giving rise to its claims occurred in this Court's judicial district (28 U.S.C. Section 1391(a)(b)). However, the facts show that this Court lacks personal jurisdiction over the Defendants, and that venue is improper in this judicial district.

Defendant, James C. Higdon, currently resides in Georgetown, Indiana, with his wife, Karen Higdon, and has for the past eleven years. (See Affidavit of James C. Higdon, attached hereto as Exhibit A, para. 1). Defendant, Urick Thameling, is a resident of Kentucky, and is the son-in-law of James C. Higdon. (See Affidavit of Urick Thameling, attached hereto as Exhibit C, para. 1). Defendant, Christian Higdon, is a resident of Indiana, and is the son of James C. Higdon. (See Affidavit of Christina Higdon, attached hereto as Exhibit B, para. 1). None of the foregoing Defendants have ever resided in the State of Illinois, and none of them maintain personal contacts with Illinois. (Ex. A, para. 1; Ex. B, para. 1; Ex. C, para. 1).

Defendant, Higdon & Higdon, Inc., is a Tennessee corporation; Defendant, Thameling & Higdon, LLC, is a Kentucky limited liability company; and Nerak, Inc., is a Kentucky corporation. (Ex. A, para. 4). None of the foregoing companies are registered to conduct business in Illinois. (Ex. A, para. 4).

James C. Higdon and Urick Thameling are both employed by, but have no ownership or controlling interest of any kind in, Masters Auto. (Ex. A, para. 2; Ex. C, para. 8). James C. Higdon signed, either individually or as an officer of Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Nerak, Inc., the franchise agreements referenced in Plaintiff's Complaint. (Ex. A, para. 3). Urick Thameling signed, either individually or as a member of Thameling & Higdon, LLC, the Middletown Franchise Agreement referenced in Plaintiff's Complaint. (Ex. C, para. 2). However, Urick Thameling never had any involvement with any of the other franchise agreements referenced in Plaintiff's Complaint. (Ex. C, para. 2). Christian Higdon signed, either individually or as an officer of Higdon & Higdon, Inc., the Hixson Franchise Agreement referenced in Plaintiff's Complaint. (Ex. B, para. 2). However, Christian Higdon never had any involvement with any of the other franchise agreements referenced in Plaintiff's Complaint. (Ex. B, para. 2).

None of the Defendants conduct business in Illinois. (Ex. A, para. 4). Moreover, all of the business operations of Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Nerak, Inc., were conducted in Kentucky and/or Tennessee. (Ex. A, para. 5). None of the business operations of Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Nerak, Inc., were ever conducted in Illinois.

James C. Higdon signed the first Middletown franchise agreement (referred to as the "Original Middletown Franchise Agreement" in Plaintiff's Complaint) only as an agent of Nerak, Inc., but not in his individual capacity. (Ex. A, para. 3). Plaintiff conveniently omitted from its Complaint a copy of the aforementioned Original Middletown Franchise Agreement. A copy of the purported original Middletown franchise agreement is attached hereto as Exhibit D,

which shows only Nerak, Inc., as a party to the agreement, with no personal guarantors (contrary to the other referenced franchise agreements which contain signed personal guarantees). By its very terms, only the personal guaranty section of the aforementioned franchise agreements causes the obligations and covenants to be binding upon the principals of the franchisee corporation or limited liability entity. Moreover, the Original Middletown Franchise Agreement with Nerak, Inc. was temporary until Thameling & Higdon, LLC, was organized. Once organized, Moran and Thameling & Higdon, LLC, executed a new Middletown franchise agreement that replaced and nullified the Original Middletown Franchise Agreement with Nerak, Inc..

None of the Defendants ever negotiated or executed the subject franchise agreements in the state of Illinois. All negotiations and execution of the subject franchise agreements occurred by mail while James C. Higdon was a resident of Indiana, and conducting business in Kentucky and Tennessee. (Ex. A, para. 7). During said negotiations, the Defendants were not represented by counsel, and they were not given the option to amend or contest the purported forum selection and waiver clauses of the aforementioned franchise agreements. (Ex. A, para. 7; Ex. B, para. 5,; Ex. C, para. 5). Moreover, the Defendants did not understand the legal ramifications of the purported forum selection and waiver clauses of the aforementioned franchise agreements. (Ex. A, para. 7; Ex. B, para. 5; Ex. C; para. 5).

James C. Higdon and Urick Thameling never intended for their employment with Masters Auto to implicate any purported non-compete agreements that allegedly exists between them and Plaintiff. (Ex. A, para. 9; Ex. C, para. 5). It is the Defendants' belief and understanding that the aforementioned non-compete agreements do not prohibit them from being

4

employed by an automobile repair facility that may compete with Plaintiff's franchises. In fact, the express terms of said franchise agreements' non-compete provisions only prohibit ownership or operation of a competing business, not employment with a competing business.

The Defendants have never knowingly engaged in any conduct that has allegedly infringed in any manner on Plaintiff's proprietary and/or trademark rights. (Ex. A, para. 10; Ex. B, para. 7; Ex. C, para. 7). Being non-residents of the state of Illinois, with no contacts or ties to Illinois, and with existing financial difficulties, it will be gravely difficult and beyond inconvenient for any of the Defendants to litigate the above-styled case in Illinois. (Ex. A, para. 8; Ex. B, para. 6; Ex. C, para. 6).

## LAW & ANALYSIS

### Personal Jurisdiction based on Contract

The subject franchise agreements purportedly contain forum selection and choice of law provisions placing jurisdiction and venue in Illinois. Enforceability of forum selection and choice of law provisions are questions of law for the Court. *Bonny v. Society of Lloyd's*, 3 F.3d 156 (7 Cir. 1993). A forum selection clause will not be enforced if such enforcement would be unreasonable and unjust, or that the clause was invalid for reasons such as fraud or overreaching. *Muzumdar v. Wellness International Network*, 438 F.3d 759 (7th Cir. 2006).

As stated above, during the negotiations of said franchise agreements, the Defendants were not represented by counsel, and they were not given the option to amend or contest the purported forum selection and waiver clauses of the aforementioned franchise agreements. Moreover, Urick Thameling and Christian Higdon had no prior experience in such business matters, and they did not understand the legal ramifications of the purported forum selection and

5

waiver clauses contained in the franchise agreements. Clearly, Plaintiff had superior bargaining power in obtaining said franchise agreements, which by definition, is a case of overreaching.

As was stated above, none of the individual defendants reside in, or have any ties to, the State of Illinois. None of the corporate defendants are registered to conduct business in Illinois. In fact, said corporate defendants are currently inactive. The individual defendants either reside in southern Indiana or Kentucky. The Defendants do not have the resources to defend this action in Illinois. Therefore, the selected forum is so "gravely difficult and inconvenient that [the Defendants] will for all practical purposes be deprived of their day in court." *Bonny*, 3 F.3d 156 at 160.

## Personal Jurisdiction based on Diversity

This Court may exercise personal jurisdiction over the Defendants only if an Illinois state court could exercise personal jurisdiction. *Real Colors, Inc., v. Jayprakash Patel*, 974 F. Supp. 645 (7th Cir. 1997). Plaintiff bears the burden of establishing a prima facie case for personal jurisdiction. *Real Colors,* 974 F. Supp. at 648. Plaintiff must show that Illinois' long arm statute allows personal jurisdiction, and exercising personal jurisdiction will not violate either the Illinois or United States Constitutions. *Real Colors,* 974 F. Supp. at 648.

The relevant parts of the Illinois long arm statute provide:

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
(1) The transaction of any business within this State;
(2) The commission of a tortious act within this State; [or]
(7) The making or performance of any contract or promise substantially connected with this State;
(b) A court may exercise jurisdiction in any action arising within or without this State against any person who:
(4) Is a natural person or corporation doing business within this State.

>( c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.
>735 Ill. Comp. Stat. 5/2-209 (West 2007)("735 ILCS 5/2-209)

Under the Illinois long arm statute, a court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States, which makes the Illinois long arm statute coextensive with Illinois and federal due process requirements. The Illinois Supreme Court has stated that "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois". *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (1990). In *Real Colors*, supra at 651, the Court stated that "because of the limited case law on the Illinois due process requirement for personal jurisdiction, the Court will focus on federal due process" in its analysis. To satisfy the federal due process requirement, this Court can only exercise jurisdiction over the Defendants if they had sufficient "minimum contacts" with Illinois, and if exercising such jurisdiction would "not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In order to satisfy the requirement for minimum contacts, the Defendants must have purposefully availed itself of the privilege of conducting activities within the state of Illinois, and thus invoking the benefits and protections of the laws of Illinois. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

As stated above, the Defendants do not reside within Illinois; have no personal contacts with Illinois; do not transact business within Illinois; have not committed a tort within Illinois; and has not made or performed any contracts within Illinois. All of the subject franchise agreements were negotiated and executed by the Defendants outside of Illinois. Moreover, there

is no evidence that the Defendants took any action to avail themselves of the privilege of conducting activities within Illinois. Consequently, the facts do not establish a prima facie case for personal jurisdiction under the Illinois long arm statute, or that comports with Illinois or federal due process requirements.

### Venue

The relevant parts of 28 U.S.C. Section 1391(a)(2) and (b)(2) provide that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Except for Plaintiff's claim under the Lanham Act, Plaintiff's complaint arises from the aforementioned franchise agreements. As was stated above, the purported choice of forum clause contained in said agreements are not enforceable because of overreaching, and enforcement would be unreasonable and unjust. Consequently, venue can only be proper if the breach of said agreements occurred in Illinois. However, the Defendants did not execute said agreements in Illinois, and the franchises resulting from those agreements transacted business in Kentucky and Tennessee. Clearly, no part of Plaintiff's alleged claims occurred in Illinois, thus venue in this Court is improper.

WHEREFORE, Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., and Thameling & Higdon, LLC, respectfully request this Court to enter the attached Order.

Respectfully Submitted:

LEAHY, EISENBERG & FRAENKEL

*s/Howard B. Randell*_____
Howard B. Randell
**LEAHY, EISENBERG & FRAENKEL, LTD.**
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603-5317

Phone: (312) 368-4554 Fax: (312) 368-4562
hbr@lefltd.com
ARDC #: 6204957

*Counsel for Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., and Thameling & Higdon, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 18, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| **Andrew Peter Bleiman** | **Fredric Adam Cohen** |
|---|---|
| andrew.bleiman@chengcohen.com | fredric.cohen@chengcohen.com |

                             /s/ Howard B. Randell
                             Howard B. Randell

                             Attorneys for Defendants,
                             James C. Higdon, Christian Higdon, Urick
                             Thameling, Higdon & Higdon, Inc. and Thameling
                             & Higdon, LLC