UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., | ) |
| Plaintiff | ) ) ) |
| vs. | ) Cause No. 07-C-6092 ) |
| JAMES C. HIGDON, ET AL., | ) ) |
| Defendants. | ) ) |

## AFFIDAVIT OF JAMES C. HIGDON
## IN SUPPORT OF MOTION TO DISMISS

Comes the Affiant, the Defendant, James C. Higdon, individually and as President of Defendants, Higdon & Higdon, Inc. and Thameling & Higdon, LLC, having been duly sworn, and to the best of his recollection, hereby states as follows:

1. James C. Higdon currently resides at 6303 Cornell Court, Georgetown, IN 47122, with his wife, Karen Higdon, and has for the past eleven years. James C. Higdon has never resided in the State of Illinois, and maintains no personal contacts with Illinois.

2. James C. Higdon is an employee of Masters Transmission & Auto Repair, Inc. (herein "Masters Auto"), a corporation registered and conducting business in Kentucky, but James C. Higdon is neither an officer nor a shareholder of Masters Auto.

3. James C. Higdon signed, either individually or as an officer of Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Nerak, Inc., the franchise agreements

Page 1 of 4


EXHIBIT A

referenced in the Complaint filed by the Plaintiff, Moran Industries, Inc. (herein "Moran"). However, Karen Higdon never had any involvement with any of the aforementioned franchise agreements, and she never transacted business on behalf of Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Nerak, Inc, of any nature in the state of Illinois or with Moran.

4. Higdon & Higdon, Inc., is a Tennessee corporation; Thameling & Higdon, LLC, is a Kentucky limited liability company; and Nerak, Inc., is a Kentucky corporation. None of the foregoing companies are registered to conduct business in Illinois.

5. James C. Higdon does not conduct business in Illinois. Moreover, all of the business operations of Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Nerak, Inc., were conducted in Kentucky and/or Tennessee. None of the business operations of Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Nerak, Inc., were ever conducted in Illinois.

6. James C. Higdon signed the Moran-Nerak franchise agreement (referred to as the "Original Middletown Franchise Agreement" in Moran's Complaint) only as an agent of Nerak, Inc., but not in his individual capacity. Moreover, the Original Middletown Franchise Agreement with Nerak, Inc. was temporary until Thameling & Higdon, LLC, was organized. Once organized, Moran and Thameling & Higdon, LLC, executed a new Middletown franchise agreement that replaced and nullified the Original Middletown Franchise Agreement with Nerak, Inc.,

7. James C. Higdon never negotiated or executed the subject franchise agreements in the state of Illinois. The negotiations and execution of the subject franchise agreements occurred by mail while James C. Higdon was a resident of Indiana, and conducting business in Kentucky and Tennessee. During said negotiations, James C. Higdon was not represented by counsel, and he was not given the option to amend or contest the purported forum selection and waiver clauses of the aforementioned franchise agreements. Moreover, James C. Higdon did not understand the legal ramifications of the purported forum selection and waiver clauses of the aforementioned franchise agreements.

8. Being a resident of southern Indiana with no contacts or ties to the State of Illinois, and with existing financial difficulties, it will be gravely difficult and beyond inconvenient for James C. Higdon to litigate the above-styled case in Illinois.

9. James C. Higdon never intended for his employment with Masters Auto to implicate any purported non-compete agreements that allegedly exists between James C. Higdon and Moran. It is James C. Higdon's belief and understanding that the aforementioned non-compete agreements do not prohibit him from being employed by an automobile repair facility that may compete with Moran's franchises.

10. James C. Higdon, individually or as an officer of Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Nerak, Inc., has never knowingly engaged in any

conduct that has allegedly infringed in any manner on Moran's proprietary and/or trademark rights.

11. Karen Higdon has no ownership, employment or business interests of any kind with the Defendants, Higdon & Higdon Inc. or Thameling & Higdon LLC.

Further the Affiant sayeth naught.

_____
Affiant, James C. Higdon, individually and as an
Officer of Higdon & Higdon, Inc., and Thameling
& Higdon, LLC

State of Kentucky )
                  ) ss
County of Jefferson )

Subscribed and sworn to before me by James C. Higdon, individually and as an Officer of Higdon & Higdon, Inc., and Thameling & Higdon, LLC, on this 20th day of November, 2007.

_____
Notary Public, State at Large

My Commission Expires: 03/02/2008

Prepared By:

_____
JASON TODD HARDIN
**Larry L. Saunders & Associates, PSC**
Suite 2014, One Riverfront Plaza
Louisville, Kentucky 40202
(502) 584-8000
FAX (502) 589-5963

LLS-4  November 16, 2007  H3  Higdon, C\Moran\affidavit.jch;jh