UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) Cause No. 07-C-6092 | |
| ) | |
| JAMES C. HIGDON, ET AL. ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF URICK THAMELING
## IN SUPPORT OF MOTION TO DISMISS

Comes the Affiant, the Defendant, Urick Thameling, individually and as a member of Thameling & Higdon, LLC, having been duly sworn, and to the best of his recollection, hereby states as follows:

1. Urick Thameling is a resident of Kentucky, and is the son-in-law of James C. Higdon. Urick Thameling has never resided in the State of Illinois, and maintains no personal contacts with Illinois.

2. Urick Thameling signed, either individually or as a member of Thameling & Higdon, LLC, the Middletown Franchise Agreement referenced in the Complaint filed by the Plaintiff, Moran Industries, Inc. (herein "Moran"). However, Urick Thameling never had any involvement with any of the other franchise agreements referenced in Moran's Complaint.

3. Thameling & Higdon, LLC, is a Kentucky limited liability, which is not registered to conduct business in Illinois.


EXHIBIT C

4. Urick Thameling does not conduct business in Illinois. Moreover, all of the business operations of Thameling & Higdon, LLC were conducted in Kentucky.

5. Urick Thameling never negotiated or executed the Middletown franchise agreement in the state of Illinois. In fact, all negotiations were handled by James C. Higdon, and execution of the Middletown franchise agreement occurred by mail while Urick Thameling was a resident of Kentucky, and conducting business in Kentucky. During said negotiations, Urick Thameling was not represented by counsel, and he was not given the option to amend or contest the purported forum selection and waiver clauses of the Middletown franchise agreement. Moreover, Urick Thameling had no prior experience in such business matters, and he did not understand the legal ramifications of the purported forum selection and waiver clauses of the Middletown franchise agreement.

6. Being a resident of Kentucky with no contacts or ties to the State of Illinois, and with existing financial difficulties, it will be gravely difficult and beyond inconvenient for Urick Thameling to litigate the above-styled case in Illinois.

7. Urick Thameling, individually or as an officer of Thameling & Higdon, LLC, has never knowingly engaged in any conduct that has allegedly infringed in any manner on Moran's proprietary and/or trademark rights.

8. Urick Thameling is employed by, but has no ownership or financial interest of any kind in, Masters Transmission & Auto Repair, Inc., Inc.

9. Urick Thameling has no ownership, employment or business interests of any kind with the Defendant, Higdon & Higdon, Inc.

Further the Affiant sayeth naught.

_____
Affiant, Urick Thameling, individually and as an member of Thameling & Higdon, LLC

State of ___Ky___ )
                  ) s s
County of __Jefferson__ )

    Subscribed and sworn to before me by Urick Thameling, individually and as an member of Thameling & Higdon, LLC, on this 27th day of __Nov__, 2007.

_____
Notary Public, State at Large

My Commission Expires: __2-10-09__

Prepared By:

_____
JASON TODD HARDIN
**Larry L. Saunders & Associates, PSC**
Suite 2014, One Riverfront Plaza
Louisville, Kentucky 40202
(502) 584-8000
FAX (502) 589-5963

LLS-4   November 16, 2007   113   Higdon. C\Moran\affidavit.ut;jh