UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 CV 6092 |
| ) | |
| JAMES C. HIGDON, CHRISTIAN ) | Judge Guzman |
| HIGDON, KAREN HIGDON, URICK ) | |
| THAMELING, HIGDON & HIGDON, ) | |
| INC., THAMELING & HIGDON, LLC, ) | |
| and MASTERS TRANSMISSION & ) | |
| AUTO REPAIR, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF MORAN INDUSTRIES, INC.'S MOTION TO COMPEL**

Plaintiff Moran Industries, Inc. ("Moran" or "Plaintiff"), by its attorneys, and pursuant to Fed. R. Civ. P. 37 respectfully moves the Court to compel defendants to answer certain discovery propounded by plaintiff, and in support of its motion, states as follows:

**INTRODUCTION**

Defendants James Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon and Thameling & Higdon, long-time franchisees of Moran, an Illinois corporation, have challenged the jurisdiction of this Court. [Doc. 14]. These defendants are arguing – despite their prior franchise relationships with Moran – that they are not subject to personal jurisdiction in Illinois.

On January 9, 2008, this Court granted the parties leave to conduct jurisdictional discovery. In connection with the jurisdictional discovery permitted by this Court, plaintiff has served interrogatories and document requests to all of the defendants.

In addition, plaintiff has deposed defendants relating to jurisdictional issues. These depositions demonstrate that defendants Higdon & Higdon, Inc. and Thameling & Higdon LLC, as well as the owners of each company, James Higdon, Christian Higdon, and Urick Thameling, had entered into franchise agreements with Moran and had personally guaranteed performance of the obligations under the franchise agreements. Moreover, Karen Higdon served as an officer of Nerak, Inc. ("Nerak"), which was also a former franchisee of Moran.

The testimony also unequivocally demonstrated that:

- Defendants and Nerak, Inc. continuously and systematically communicated with Moran in Illinois by telephone over the years;

- Defendants and Nerak, Inc. continuously and systematically communicated with Moran in Illinois by mail over the years;

- Certain Defendants occasionally visited Moran employees in Illinois (including visits to Illinois for training on Moran's proprietary systems and methods);

- Defendants and Nerak, Inc. sent weekly payments and reports to Moran in Illinois; and

- Defendants and Nerak, Inc. received many services and benefits from Moran under the franchise agreements.

Despite this testimony, defendants have failed and refused to produce responsive documents and information in response to plaintiff's requests for production of documents. The discovery sought relates to defendants contacts with Moran and the State of Illinois, which directly bear of the issue of personal jurisdiction. Consequently, the documents and information sought are highly relevant and responsive to the jurisdictional discovery propounded by defendants. Accordingly, plaintiff's motion to compel should be granted.

## PERTINENT FACTS AND ARGUMENT

1. On December 17, 2007, defendants filed motions to dismiss plaintiff's complaint for lack of personal jurisdiction and venue, alleging that defendants did not have any contact with Illinois and that they did not transact business with an Illinois resident.

2. On January 9, 2008, this Court granted all parties until February 22, 2008 to complete discovery related to defendants' motion to dismiss plaintiff's complaint.

3. On January 21, 2008, plaintiff propounded its first set of interrogatories and requests for production on defendants.

4. Defendants served their responses to plaintiff's discovery on February 5, 2008 but did not produce any documents in response to the requests for production of documents, and stated that defendants did not have documents responsive to such requests. (A copy of Defendants' Responses to Plaintiff's First Requests for Production, Defendants' Response to Plaintiff's Supplemental Request for Production, and Defendants' Verifications are attached collectively as Exhibit A).

5. Plaintiffs have deposed the defendants on jurisdictional issues. During these depositions, defendant James Higdon, revealed that he believed he possessed franchise agreements, promissory notes, articles of incorporation for the defendant companies, and other documents potentially responsive to plaintiff's discovery requests, which he had not given to his attorney. He also admitted he had not searched for documents in response to plaintiff's discovery requests. Additional defendants stated they had not made attempts to obtain documents in response to plaintiff's discovery.

6. In an attempt to discover these already requested documents mentioned by James Higdon during his deposition, and all other documents that defendants had not attempted to produce, plaintiff's counsel sent defense counsel an email on February 20, 2008 pursuant to Fed. R. Civ. Pro. 37.

7. Plaintiff requested that defendants correct their incomplete and evasive responses by producing the documents already requested in discovery propounded upon them. (A copy of plaintiff's Fed. R. Civ. Pro. 37 request is attached as Exhibit B).

8. Specifically, plaintiff's counsel requested articles of incorporation, bylaws, and operating agreements for Nerak, Inc., a company owned and operated by defendants, and defendants Higdon & Higdon, Inc., Thameling & Higdon LLC, and Masters Transmission and Auto Repair; defendants' telephone records from January 1, 2003 until the present; and all documents defendants sent to or received from an Illinois resident, including Moran, during the time of the franchise relationships until the present.

9. Defendants responded on February 21, 2008 that while after further review, they did have responsive documents, defendants would not produce them because they believed plaintiff already possessed copies of the documents. (A copy of defendants' correspondence dated February 21, 2008 is attached as Exhibit C)

10. Plaintiff again requested that the defendants produce all documents responsive to its requests for production. (A copy of plaintiff's correspondence dated February 21, 2008 is attached as Exhibit D)

11. In response, defense counsel refused to communicate further on the matter and failed to produce documents according to Fed. R. Civ. P. 34. (A copy of defendants' correspondence dated February 22, 2008 is attached as Exhibit E)

12. The discovery sought relates to defendants' contacts with Moran and the State of Illinois, which directly bear on the issue of personal jurisdiction. Consequently, the documents and information sought are highly relevant and responsive to the jurisdictional discovery propounded by defendants. Accordingly, plaintiff's motion to compel should be granted.

**WHEREFORE,** plaintiff respectfully requests the Court compel the defendants to provide sufficient responses to Plaintiff's First Set of Requests for Production, Request Nos. 3, 7, and 8 and Plaintiff's Second Supplemental Request for Production, award plaintiff reasonable expenses in making this motion, including attorneys fees, and any other relief the Court deems fair and just.

Dated: February 22, 2008

>Respectfully submitted,
>
>**CHENG COHEN LLC**
>
>By: s/      Danielle M. Kays
>    Fredric A. Cohen
>    Andrew P. Bleiman
>    Danielle M. Kays
>    1101 West Fulton Market, Suite 200
>    Chicago, IL 60607-1213
>    P 312.243.1717
>    M 312.351.5335
>    fredric.cohen@chengcohen.com
>    andrew.bleiman@chengcohen.com
>    danielle.kays@chengcohen.com