# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MORAN INDUSTRIES, INC.,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) No. 07 CV 6092 |
| | ) |
| **JAMES C. HIGDON, CHRISTIAN** | ) |
| **HIGDON, KAREN HIGDON, URICK** | ) |
| **THAMELING, HIGDON & HIGDON,** | ) **Judge Ronald Guzman** |
| **INC., THAMELING & HIGDON, LLC** | ) |
| **and MASTERS TRANSMISSION &** | ) **Magistrate Judge Schenkier** |
| **AUTO REPAIR,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

NOW COME the Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., Thameling & Higdon, LLC, Karen Higdon and Masters Transmission & Auto Repair, Inc., by and through their attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and JASON TODD HARDIN of Larry L. Saunders & Associates, PSC, and for their response to Plaintiff Moran Industries, Inc.'s Motion to Compel, hereby state as follows:

### BACKGROUND

On October 28, 2007, Plaintiff, Moran Industries, Inc. ("Moran"), filed a Complaint for Injunctive Relief and Damages, naming James Higdon, Christian Higdon, Karen Higdon, Urick Thameling, Higdon & Higdon, Inc. ("Higdon & Higdon"), Thameling & Higdon, LLC ("Thameling & Higdon"), and Masters Transmission & Auto Repair, Inc. ("Masters") as Defendants. On December 17, 2007, Defendants filed motions to dismiss Plaintiff's Complaint for lack of jurisdiction and venue. On January 9, 2008, this Court granted the parties leave to

1

complete limited jurisdictional discovery, including written discovery and depositions, by February 22, 2008.

Defendants received Plaintiff's Interrogatories and Requests to Produce on January 21, 2008 and provided Plaintiff's counsel with their responses to these discovery requests on February 5, 2008. On February 20, 2008, Plaintiff's counsel propounded supplemental document production requests upon Defendants for the following documents: (1) articles of incorporation, bylaws, and operating agreements for Higdon & Higdon, Thameling & Higdon, Masters, and Nerak, Inc. ("Nerak"), which is not a party to this matter; (2) Defendants' telephone records from January 1, 2003; and (3) all documents and communications, including all franchise agreements and related documents, sent to or received from any Illinois resident, including Moran, during the time of the franchise relationships until the present. On February 22, 2008, Plaintiff's counsel was advised that Defendants, after conducting a diligent search, were unable to locate any additional documents responsive to Plaintiff's requests. Plaintiff subsequently filed a motion to compel Defendants to produce documents responsive to its supplemental requests.

In an effort to resolve the discovery dispute, Defendants' counsel explained that Defendants' had made a good faith effort to locate the requested documents, but were unable to locate any. A copy of the February 27, 2008 electronic correspondence is attached hereto as Exhibit 1. Defendants' counsel provided Plaintiff's counsel with a copy of Masters' most recent telephone bill, advised that Defendants' would produce all telephone records received in the future, and provided Plaintiff's counsel with information sufficient to allow Plaintiff to obtain all corporate documents filed by the corporate defendants and Nerak and to subpoena all past telephone records. Unfortunately, Plaintiff's counsel refused Defendants' request to withdraw

the motion to compel. At the hearing on February 28, 2008, this Court requested that Defendants file a formal response to the motion to compel. Defendants' formal response follows.

**RESPONSE**

**A.     Affidavits in Support of Response**

Attached in support of this Response are the affidavits of James C. Higdon (Exhibit 2), Christian Higdon (Exhibit 3), Urick Thameling (Exhibit 4), and Karen Higdon (Exhibit 5).

**B.     Articles of Incorporation, Bylaws, and Operating Agreements**

Plaintiff has requested that Defendants produce the articles of incorporation, bylaws, and "operating agreements" for Higdon & Higdon, Thameling & Higdon, Masters, and Nerak. As a preliminary matter, none of these entities drafted or filed bylaws or operating agreements as they are not required by Kentucky or Tennessee. (Ex. 2, para. 3; Ex. 3, para. 3; Ex. 4, para. 3; and Ex. 5, para. 3). James Higdon and Christian Higdon have both conducted diligent searches for copies of Higdon & Higdon's articles of incorporation, but have been unable to locate those documents. (Ex. 2, para. 4; Ex. 3, para. 4). James Higdon and Urick Thameling have also conducted diligent searches for Thameling & Higdon's articles of incorporation, but have been unable to locate those documents. (Ex. 2, para. 4; Ex. 4, para. 4). James Higdon has conducted a diligent search for Nerak's articles of incorporation, but has been unable to locate those documents. (Ex. 2, para. 4). Higdon & Higdon, Thameling & Higdon, and Nerak are no longer functioning businesses. To the extent articles of incorporation may have been initially retained, these documents were likely disposed of when Higdon & Higdon, Thameling & Higdon, & Nerak ceased operations. (Ex. 2, para. 11; Ex. 3, para. 11; Ex. 4, para. 11).

Defendants note that articles of incorporation are a matter of public record. Plaintiff can obtain all corporate documents, if any, filed by these entities from the Secretaries of State for Kentucky (Thameling & Higdon, Nerak) and Tennessee (Higdon & Higdon). Masters' articles of incorporation were previously produced with Defendants' Fed. R. Civ. Pro. 26(a)(1) disclosures. For Plaintiff's convenience, a copy of Masters' articles of incorporation is attached hereto as Exhibit 6.

**C.      Telephone Records**

Plaintiff has requested that Defendants provided all telephone records, including those for business, home, and personal cellular telephones, from December 1, 2003 to the present. Since December 1, 2003, none of the individual defendants have regularly retained records and bills after payment for their home and personal cellular telephones. (Ex. 2, para. 8; Ex. 3, para. 8; Ex. 4, para. 8; Ex. 5, para. 7). After a diligent search, the individual defendants have been unable to locate any such bills or records that may have been retained. (Ex. 2, para. 9; Ex. 3, para. 9; Ex. 4, para. 9; Ex. 5, para. 8). Plaintiff's counsel has been informed that the individual defendants will produce copies of any future telephone records received and has been provided with the information necessary to subpoena all past telephone records for the individual defendants.

Because Higdon & Higdon, Thameling & Higdon, and Nerak are no longer functioning businesses, they do not have any active telephone accounts. (Ex. 2, para. 5; Ex. 3, para. 5; Ex. 4, para. 5). While During those businesses' operations, those entities did not, as a matter of course, regularly retain telephone bills, records, or proofs of payment. (Ex. 2, para. 6, Ex. 3, para. 6, Ex. 4, para. 6). To the extent any telephone records were retained, these records were likely disposed of when these entities' closed down. (Ex. 2, para. 11; Ex. 3, para. 11; Ex. 4, para. 11).

Nonetheless, James Higdon, Christian Higdon, and Urick Thameling have conducted diligent searches for any remaining telephone records responsive to this request, but have been unable to find any. (Ex. 2, para. 7; Ex. 3, para. 7; Ex. 4, para. 7). Plaintiff's counsel has been provided with the information necessary to subpoena all past telephone records for these entities.

Masters similarly does not, as a matter of course, regularly retain copies of telephone bills, records, or proof of payment. (Ex. 5, para. 5). Karen Higdon has conducted a diligent search for any such records that were retained, but has been unable to find any. (Ex. 5, para. 6). Masters has produced its most recent telephone bill and has provided Plaintiff's counsel with the information necessary to subpoena all past telephone records.

**D.     Communications and Documents**

Plaintiff has requested all documents and communications, including all franchise agreements and related documents, sent to or received from any Illinois resident, including Moran, during the time of the franchise relationships until the present. As a preliminary matter, Masters has not communicated with or entered any agreements with any Illinois residents. (Ex. 5, para. 9). Accordingly, Masters is not and never has been in possession of any documents responsive to this request.

The only communications between Moran and Defendants which are in Defendants' possession were previously produced with Defendants' Fed. R. Civ. Pro. 26(a)(1) disclosures. (Ex. 2, para. 13; Ex. 3, para. 13; Ex. 4, para. 13). For Plaintiff's convenience, copies of these communications are attached hereto as Exhibit 7. Higdon & Higdon, Thameling & Higdon, and Nerak did not, as a matter of course, regularly retain copies of communications, reports, payments, or any other documentation sent to or received from Moran or any other Illinois

residents. (Ex. 2, para. 10; Ex. 3, para. 10; Ex. 4, para. 10). To the extent any such documents were initially retained, these documents were likely disposed of when these businesses were closed down. (Ex. 2, para. 11; Ex. 3, para. 11; Ex. 4, para. 11). None of these entities employed a formal method for disposing of documentation either during their period of operation or upon closing down. (Ex. 2, para. 15, Ex. 3, para. 15, Ex. 4, para. 15). The communications between Moran and Defendants that are attached hereto were received from Moran's counsel after Higdon & Higdon, Thameling & Higdon, and Nerak were closed down. James Higdon, Christian Higdon, and Urick Thameling have all since made a diligent search for any remaining documents responsive to this request, but have been unable to locate any. (Ex. 2, para. 14; Ex. 3, para. 14; Ex. 4, para. 14).

Plaintiff has also requested that Defendants produce any franchise agreements and promissory notes entered into with Moran, including all related documentation. The only such agreement that was retained after Higdon & Higdon, Thameling & Higdon, and Nerak ceased operations was Nerak's franchise agreement with Moran. (Ex. 2, para. 12). This agreement was attached to Defendants' motions to dismiss. For Plaintiff's convenience, a copy of this agreement is attached hereto as Exhibit 8. To the extent franchise agreements, promissory notes, and related documents between Higdon & Higdon, Thameling & Higdon, and Moran were initially retained, these documents were likely disposed of when Higdon & Higdon and Thameling & Higdon were closed down. (Ex. 2, para. 11; Ex. 3, para. 11; Ex. 4, para. 11). However, Defendants came to re-possess these agreements and related documents when they were served with copies of Plaintiff's Complaint, which included various agreements and related exhibits. (Ex. 2, para. 12; Ex. 3, para. 12; Ex. 4, para. 12). For Plaintiff's convenience, copies of

these documents are attached hereto as Group Exhibit 9. Defendants have made a diligent search for any further agreements or related documents which are responsive to this request, but have been unable to locate any. (Ex. 2, para. 14; Ex. 3, para. 14, Ex. 4, para. 14).

Defendants have made a diligent search for communications or documentation that Higdon & Higdon, Thameling & Higdon, and Nerak may have sent to or received from any Illinois resident other than Moran, but have been unable to locate any. (Ex. 2, para. 14; Ex. 3, para. 14; Ex. 4, para. 14)

## CONCLUSION

Defendants have made a good faith search for all documents sought by Plaintiff in its supplemental requests, but, aside from the documents attached hereto, have been unable to locate any documents responsive to these requests. The corporate defendants and Nerak were family-owned, informally operated businesses. Unlike larger, more sophisticated businesses, these entities did not have a formal method for retaining, storing, or disposing of documentation. Moran, as a large, sophisticated corporate entity, should have possession of any communications or documentation received from the corporate defendants or Nerak. The principals of the corporate defendants and Nerak are not aware of any communications between these entities and an Illinois resident other than Moran.

Defendants' inability to provide the requested documents is not the result of bad faith. Defendants' have conducted diligent searches and provided Plaintiff with the information necessary to obtain or subpoena much of the documentation sought. Defendants' have also advised Plaintiff that they will continue to supplement their responses to these document requests.

WHEREFORE Defendants, James C. Higdon, Christian Higdon, Karen Higdon, Urick Thameling, Higdon & Higdon, Inc., Thameling & Higdon, LLC, and Masters Transmission & Auto Repair, respectfully request that this Honorable Court deny Plaintiff Moran Industries, Inc.'s Motion to Compel and grant such further relief as this Court deems just and appropriate.

Respectfully Submitted:

LEAHY, EISENBERG & FRAENKEL, LTD.

*s/* Howard B. Randell
Howard B. Randell
**LEAHY, EISENBERG & FRAENKEL, LTD.**
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603-5317
Phone: (312) 368-4554 Fax: (312) 368-4562
hbr@lefltd.com

And

Jason Todd Hardin, Pro Hac Vice
LARRY L. SAUNDERS & ASSOCIATES, PSC
One Riverfront Plaza, Suite 2014
401 W. Main Street
Louisville, Kentucky 40202
Phone: (502) 584-8000 Fax: (502) 589-5963
Jthardin01@aol.com

*Counsel for Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., Thameling & Higdon, LLC, Karen Higdon and Masters Transmission & Auto Repair, Inc.*

F:\Case\209845\12723\RESPONSE TO MOTION TO COMPEL.doc