**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MORAN INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07 CV 6092** |
| | ) | |
| **JAMES C. HIGDON, CHRISTIAN** | ) | **Judge Guzman** |
| **HIGDON, KAREN HIGDON, URICK** | ) | |
| **THAMELING, HIGDON & HIGDON,** | ) | |
| **INC., THAMELING & HIGDON, LLC,** | ) | |
| **and MASTERS TRANSMISSION &** | ) | |
| **AUTO REPAIR, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF MORAN INDUSTRIES, INC.'S**
**OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS**
**KAREN HIGDON & MASTERS TRANSMISSION & AUTO REPAIR, INC.**

Plaintiff Moran Industries, Inc. ("Moran" or "Plaintiff"), by its attorneys, respectfully requests that this Court deny the Motion to Dismiss brought by defendants Karen Higdon and Masters Transmission & Auto Repair (collectively "Competing Defendants"). For its response in opposition to Competing Defendants' motion to dismiss, Plaintiff states as follows:

**INTRODUCTION**

Defendant James Higdon is a long-time Moran franchisee and defendant Karen Higdon's husband. James Higdon operated one of his Mr. Transmission franchised stores at 13000 Middletown Industrial Blvd., Middletown, Kentucky pursuant to a June 1, 2006 franchise agreement with Moran. (Compl. Ex. D). In violation of the franchise agreement, James Hidgon

1

discontinued operations of the Mr. Transmission franchised store and improperly began operating a competing business at the exact same location, named Masters Transmission & Auto Repair ("Masters"). Masters is allegedly ***owned*** by his wife Karen Higdon although she has no involvement in or responsibility for the day-to-day operations of the business. Those duties are handled by James Higdon.

As a result of the Competing Defendants' misconduct, Moran, an Illinois corporation, has brought suit against Karen Higdon and Masters for trademark infringement under the Lanham Act, tortious interference with contractual relationships, and violation of covenants not to compete. Competing Defendants Karen Higdon and Masters have challenged the jurisdiction of this Court. [Doc. 13]. These defendants argue that they are not subject to personal jurisdiction in Illinois despite the injury they have inflicted upon Moran caused by their trademark infringement under the Lanham Act, tortious interference with Moran's franchise agreements and violation of covenants not to compete. Competing Defendants' misconduct and tortious conduct against Moran establish the minimum contacts necessary for this court to assert personal jurisdiction over the Competing Defendants. Accordingly, Competing Defendants' motion to dismiss for lack of personal jurisdiction and improper venue should be denied.

## RELEVANT FACTS

Karen Higdon's husband is co-defendant James Higdon. Karen Higdon is a registered nurse that has been employed in the nursing field since 1994. (*See* Deposition of Karen Higdon attached as Ex. A, 8:13-16, pp.17-19). Prior to opening Masters, Karen Higdon was never employed in the automobile transmission industry. *Id.*

James Higdon was a long-time Moran and Mr. Transmission franchisee, having been a Mr. Transmission franchisee for at least 20 years. One of the franchised Mr. Transmission stores

owned by James Higdon was located at 13000 Middletown Industrial Blvd., Middletown, Kentucky.

In 2007, James Higdon and Urick Thameling abandoned the operation of this franchised store and breached their franchise agreements with Moran. In particular, in a blatant and improper attempt to circumvent various clear and unambiguous covenants not to compete, Karen Hidgon subsequently founded Masters to operate a substantially similar competing automobile transmission business at the very location of her husband's former Mr. Transmission franchised store – 13000 Middletown Industrial Blvd., Middletown, Kentucky. James Higdon manages the store on a daily basis, pays the bills, markets, and acquires customers, while Karen Higdon continues her employment as a registered nurse. (Ex. A 35:2 – 36:5; *see also* Deposition of James Higdon attached as Ex. B, pp. 39-42).

Previously, Nerak, Inc. ("Nerak") was the franchisee that owned and operated the store at 13000 Middletown Industrial Blvd., Middletown, Kentucky pursuant to an August 2, 2005 franchise agreement. James Higdon and Karen Higdon were the sole officers of Nerak. (*See* Nerak Kentucky Secretary of State filing attached as Ex. C; Nerak Annual Report dated June 30, 2005 attached as Ex. D).[1] At the time that the franchise agreement was executed in 2005, Karen Higdon was the Secretary of Nerak. In fact, she has held this position as secretary from 1989 until 2007.

Since approximately October 2007, Competing Defendants in violation of the Middletown covenants not to compete have improperly owned and operated the competing business at the location of the former Mr. Transmission store in Middletown. As detailed in

---

[1] During jurisdictional discovery in this case, defendants failed and refused to produce corporate records for the business entities at issue. Thus, Moran has attached records obtained online from the Kentucky Secretary of State as evidence of the corporate structure of the entities.

Plaintiff's Complaint, Karen Higdon, with knowledge of the above agreements and the various covenant not to compete, intentionally interfered with Moran's rights under the agreements, and induced defendants to breach the franchise agreements with Moran. Furthermore, as detailed in the Complaint, the Competing Defendants have wrongfully infringed on Plaintiffs' federally registered trademarks.

## ARGUMENT

### I.      THE ILLINOIS LONG-ARM STATUTE AUTHORIZES THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS.

The Illinois long-arm statute authorizes Illinois courts to assert personal jurisdiction to the extent granted by the United States Constitution. While the Illinois long-arm statute is distinct and separate from the constitutional due process requirement, the two analyses are the same. *GMAC Real Estate*, *LLC v. Canyonside Realty, Inc. et al.*, 2005 U.S. Dist LEXIS 12589, *7-8 (N.D. Ill. Jun. 15, 2005).

The Illinois long-arm statute provides that a person submits himself to the jurisdiction of Illinois courts by engaging in an act which arises from the "commission of a tortious act with this State . . . [or] the making or performance of any contract or promise substantially connected with this State"." 735 ILCS §5/2-209 (2008). Moran brings this suit for, among other things, trademark infringement under the Lanham Act, tortious interference with Moran's franchise agreements, breach of covenants not to compete, for which the contracts and injuries are substantially connected with this state. The Illinois long-arm statute authorizes this Court to exercise personal jurisdiction over the defendants.

4

## II.     THE DUE PROCESS CLAUSE AUTHORIZES THIS COURT PERSONAL JURISDICTION OVER THE COMPETING DEFENDANTS.

When a defendant challenges the court's exercise of personal jurisdiction, the plaintiff "bears the burden of proving facts sufficient to establish personal jurisdiction." *Competitive Strategies Group, Ltd. v. IP Communications Corp.*, 2000 WL 286789, at *1 (N.D.Ill. 2003). "This burden, however, is low." *Wasendorf, Sr. v. DBH Brokerhaus AG, et al.*, 2004 WL 2872763, at *2 (N.D. Ill. 2003). Moran need only make a prima facie showing that jurisdiction is proper to satisfy its burden of proof. *Midas Int'l Corp. v. Willard Enter.*, 1993 U.S. Dist LEXIS 3814, at *3 (N.D. Ill. 1993). Conflicts in evidence must be resolved in Moran's favor, and all well-pled allegations in the complaint must be accepted as true. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002); *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

The due process clause of the United States Constitution only requires that defendants have the minimum contacts with a forum state so that he or she has "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 476. Where a defendant has purposely availed himself of the benefits and protections of the forum state's laws and citizens, due process has not been offended. *Id.* Further, in a specific jurisdiction case such as this, the lawsuit must "'arise out of' or 'be related to' the minimum contacts defendant had with the forum state." *Competitive Strategies*, 2000 WL 2867898, at *2 (*quoting RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)).

Here, minimum contacts exist to support this Court's exercise of jurisdiction over the Competing Defendants because Moran's claims relate directly to their commission of torts against Illinois franchisor Moran, infringement of Moran's trademarks, and violation of covenants not to compete with Moran. *See* 735 ILCS 5/2-209(a) (West 2008) (a non-resident

defendant submits to jurisdiction in Illinois as to any cause of action arising from the "commission of a tortious act with this State . . . [or] the making or performance of any contract or promise substantially connected with this State"). Plaintiff's allegations must be accepted as true and plaintiff has made a prima facie showing that jurisdiction is proper; therefore, Competing Defendants' motion to dismiss for lack of personal jurisdiction should be denied.

### A. COMPETING DEFENDANTS HAVE INJURED MORAN'S TRADEMARKS AND PROPRIETARY INFORMATION IN ILLINOIS.

Trademark infringement subjects an offender to personal jurisdiction in the forum where the holder of the trademark resides. *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. Partnership*, 34 F.3d 410, 411 (7th Cir. 1994). Where a defendant impairs a plaintiff's trademarks, the injury is felt mainly in the state where the plaintiff holds those trademarks. *Id*. By purposely infringing on trademarked property and directing their misconduct towards an Illinois resident, defendants assume the risk of injuring valuable property within the forum state and subjecting themselves to jurisdiction. *Id.*

Here, Moran has alleged claims for trademark infringement against the Competing Defendants. (Compl., ¶¶112-117). Competing Defendants' infringements of Moran's trademarks subject the Competing Defendants to personal jurisdiction in Illinois, Moran's resident state. Competing Defendants' intentional and unauthorized use of Moran's trademarks and proprietary information has diluted the quality and goodwill of Moran's marks and identity, in addition to economic damages.

Moran operates as a franchise business for specialized transmission service centers known as Mr. Transmission service centers and general automobile repair centers known as Milex service centers. Moran's headquarters and principal place of business are located in

6

Illinois, and Moran enters into all franchise agreements in Illinois where it contracts for use of its trademarks and proprietary information. (*See e.g.* Compl. Ex. A, D & H ¶¶ 34). Consequently, dilution of Moran's identity and goodwill is felt almost entirely by Moran in Illinois where it contracts and the consideration for its contracts is use of its trademarks and proprietary information. By infringing Plaintiff's trademarks, Competing Defendants are subject to personal jurisdiction in Illinois, and their motion to dismiss for lack of personal jurisdiction should be denied.

> **B.   COMPETING DEFENDANTS ARE SUBJECT TO JURISDICTION IN ILLINOIS FOR TORTIOUS INTERFERENCE WITH MORAN'S FRANCHISE AGREEMENTS.**

Competing Defendants have sufficient minimum contacts in this lawsuit as a result of their tortious interference with contracts directed towards this state. Tortious interference with an Illinois plaintiff's contractual relations subjects the tortfeasor to personal jurisdiction in Illinois. 735 ILCS § 5/2-209(a)(2) (2008); *Cleary v. Sterenbuch,* 2001 U.S. Dist. LEXIS 14050, No. 01 C 5109, 2001 WL 1035285, *2 (N.D. Ill. Sept. 10, 2001).

Even if tortious acts were committed elsewhere, defendants may be subject to personal jurisdiction in Illinois. *See Janmark, Inc. v. Reidy,* 132 F.3d 1200, 1202-3 (7th Cir. 1997) ("the state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders"); *ISI Int'l, Inc. v. Borden Ladner Gervais, LLP,* 256 F.3d 548, 551 (7th Cir. 2001) (holding that where a Canadian defendant sent letters to an Illinois resident's clients internationally in an attempt to end the clients' contracts with the Illinois resident, defendant was subject to personal jurisdiction in Illinois because the Illinois resident felt economic loss in Illinois).

7

Where defendants' tortious interference causes another to breach a plaintiff's contract, the state where the resulting breach of contract occurs has jurisdiction over the action. *Jamison v. UGN, Inc.*, 2003 U.S. Dist. LEXIS 20688, at *7-8 (N.D. Ill. 2003) (the state where the victim suffers cancellation of a contract and economic injury may entertain a suit against the tortfeasor); *Janmark Inc. v. Reidy*, 132 F.3d 1200 (7th Cir. 1997) (holding that in a tortious interference claim, a defendant in California who interferes with plaintiff's customer in New Jersey subjects the California defendant to personal jurisdiction in Illinois where the injury was not complete until felt by the Illinois plaintiff); *Indianapolis Colts,* 34 F.3d at 411-12 (Indiana courts had personal jurisdiction over a Canadian defendant where defendant infringed plaintiff's trademarks by misuse in Canada, yet the injury was felt by plaintiff in its resident state Indiana).

In this case, by interfering with Moran's franchise agreements, the Competing Defendants have caused Moran not only economic injury but also cancellation of multiple franchise agreements, and they are subject to personal jurisdiction for their tortious actions in Illinois.

### C. COMPETING DEFENDANTS HAVE VIOLATED THE COVENANT NOT TO COMPETE WITH MORAN AND ARE THEREFORE SUBJECT TO PERSONAL JURISDICTION IN ILLINOIS.

Competing Defendants Karen Higdon and Masters are also subject to personal jurisdiction in Illinois because they purposely acted in concert with Karen's husband James Higdon and son-in-law Urick Thameling to violate their covenants not to compete with Moran.

#### 1. Competing Defendants are Bound by the Covenants Not to Compete Executed by James Hidgon.

Competing Defendants' theory in this case – that defendants are not violating the various covenants not to compete because they own the Masters store, rather than James Higdon,

8

Christian Higdon and Urick Thameling – is baseless. (*See* Letter Dated October 24, 2007 attached as Ex. E). Manufactured claims like this have been routinely rejected by courts in Illinois and throughout the United States as uncles, associates, friends, and especially wives have been bound by covenants not to compete even where they were not a signatory.

Where a husband is bound by a covenant not to compete, yet his wife, acting merely as an alter ego of her husband in order to evade the covenant, opens a competing business in violation of the covenant, the wife also becomes subject to the covenant. *McCart v. H&R Block, Inc.,* 470 N.E.2d 756, 760 (Ind. Ct. App. 1984) (citing overwhelming authority for its holding that where family members act together to breach the terms of a franchise agreement and the covenant not to compete by opening a competing business, a party that did not agree to the covenant not to compete is still bound); *Arwell Div. of Orkin Exterminating Co. v. Kendrick*, 131 Ill.App. 2d 632, 267 N.E.2d 352 (Ill. Ct. App. 1971) (the court inferred that where the husband was significantly involved in the wife's competing business, the wife may also be enjoined from violating the husband's covenant not to compete); *Bolz v. Myers*, 200 Mont. 286, 651 P.2d 606 (Mont. 1982) (although only wife and son signed contract for sale of business with non-competition provision, husband was bound also because the wife and son were merely contractual figureheads; husband held himself out as the true owner, conducted the sale negotiations and had familiarity with the customers, contracts, and routes); *West Shore Restaurant Corp. v. Turk*, 101 So. 2d 123 (Fla. 1958) (defendant's father and former associate were enjoined from assisting defendant in the breach of the covenant not to compete where defendant managed and exerted influence on the operation of the father and associate's business).

Karen Higdon, as owner of Masters, is acting as the alter ego of her husband by attempting to do what her husband cannot because of the clear and unambiguous covenants not to compete. Her conduct in direct violation of these covenants, and in concert with her husband's violation of the covenant not to compete, subjects her to personal jurisdiction in this state.[2]

### 2.     Karen Higdon is Bound by the Convenant Not to Compete Set forth in the Original Middletown Franchise Agreement.

In addition, Karen Higdon is subject to personal jurisdiction based on her direct violation of the covenant not to compete set forth in the Original Middletown franchise agreement between Nerak and Moran. As the allegations in the Complaint demonstrate (which are and must be accepted as true), Karen Higdon was an officer of Nerak when the franchise agreement for that store was executed on or about August 2, 2005.

Pursuant to the Original Middletown franchise agreement, the owners and officers were required to personally guarantee the performance of all duties and obligations under the agreement. The franchise agreement expressly states "If FRANCHISEE is a partnership or a corporation, this Agreement and all obligations, promises and covenants of FRANCHISEE must be guaranteed individually and personally." (Doc. 15, Ex. B, p. 24). Although, as an officer of Nerak, Karen Higdon was required to personally guarantee the duties and obligations of Nerak under the franchise agreement, due to an oversight, neither of the officers of Nerak – James

---

[2]     Karen Higdon is also subject to personal jurisdiction in Illinois because when defendants that act in concert with a co-defendant that commits acts which subject the co-defendant to personal jurisdiction in Illinois, all defendants are subject to jurisdiction in Illinois. *Medallion Prods. v. H.C.T.V., Inc*., 2007 U.S. Dist. LEXIS 78, *22-23 (N.D.Ill. 2007) (where defendant ICC worked together with co-defendants to tortiously interfere with plaintiff's Illinois business contracts, defendant ICC was subject to personal jurisdiction based on the tortious acts committed in Illinois by co-defendant). In such a case, due process is not offended because the defendant has fair warning that their purposeful actions will subject them to an Illinois suit.

Higdon or Karen Higdon – executed the personal guarantees before the agreement was superseded and replaced on June 1, 2006 with a new franchise agreement which was executed by T&H for that store. (Compl., ¶¶ 32-29). T&H executed a replacement franchise agreement as a result of financing obtained by it for additional operating capital. (Compl., ¶¶ 32-29).

Even though Karen Higdon did not execute the personal guarantee as she was required to do and as was intended by the parties, Karen Higdon is still subject to the covenant not to compete, forum selection clause and other duties and obligations set forth in the Nerak franchise agreement.[3]   Consequently, her ownership of Masters constitutes a violation of the Original Middletown franchise agreement and she is subject to jurisdiction in Illinois based on her conduct in violation of the terms of the franchise agreement.

III.   **VENUE IS PROPER**

Defendants' argument that venue is improper lacks merits.  Venue is proper in a diversity action "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).  The statute does not require that "the majority of the events in the instant case must have taken place in Illinois." *RM Petroleum*, 2004 U.S. Dist. LEXIS 1822, at *17.

As detailed above, a substantial part of the events or omission giving rise to Moran's claims occurred in Illinois, fulfilling the statutory requirement for venue.  Here, breach of Moran's franchise agreements occurred in Illinois, and thus the tortious interference occurred in Illinois.   Competing Defendants' infringement and dilution of Moran's trademarks affects

---

[3]      The intent of the parties and requirement that all owners and officers of a franchisee corporation executed personal guarantees is further evidenced by ¶21(e)(iv) of the franchise agreement which requires the execution of personal guarantees of all owners and officers in the event of an assignment of the franchise agreement to a corporation.  (*See* Compl. Ex. A*).*

Moran in Illinois. Even further, venue for the claims against Competing Defendants should remain before this court, in the interest of judicial economy, because co-defendants all stipulated to venue before this court. Venue is proper in this forum and Competing Defendants' motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, Moran respectfully requests an order denying the motion to dismiss filed by defendants Karen Higdon and Masters Transmission & Auto Repair, Inc.

**Dated:** **April 4, 2008**                    **MORAN INDUSTRIES, INC.**

By:    s/ Andrew P. Bleiman
Fredric A. Cohen
Andrew P. Bleiman
Danielle M. Kays
***CHENG COHEN LLC***
1101 W. Fulton Market, Suite 200
Chicago, Illinois 60607
T  (312) 243-1701F
F  (312) 277-3961

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I electronically filed Plaintiff's Response in Opposition to Motion to Dismiss filed by defendants James Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., and Thameling & Higdon, LLC using the **CM/ECF system** and sent the aforementioned documents via U.S. First Class Mail, postage prepaid to the following:


Attorneys for Defendants

Jason Todd Hardin
Larry L. Saunders & Associates, P.S.C.
One Riverfront Plaza
401 West Main Street
Suite 2014
Louisville, Kentucky 40202-2928

Howard B. Randell
James J. Sanders
Leahy, Eisenberg & Fraenkel, Ltd.
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603-5317


s/ Danielle M. Kays