UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., | ) |
| Plaintiff | ) ) ) |
| vs. | ) Cause No. 07 CV 6092 ) |
| JAMES C. HIGDON, CHRISTIAN HIGDON, KAREN HIGDON, URICK THAMELING, HIGDON & HIGDON, INC., THAMELING & HIGDON, LLC and MASTERS TRANSMISSION & AUTO REPAIR, | ) ) ) ) Judge Ronald Guzman ) ) Magistrate Judge Schenkier ) ) |
| Defendants. | ) |

**DEFENDANTS, JAMES C. HIGDON, CHRISTIAN HIGDON, URICK THAMELING, HIGDON & HIGDON, INC., AND THAMELING & HIGDON, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER**

NOW COME the Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., and Thameling & Higdon, LLC, by and through their attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and JASON TODD HARDIN of Larry L. Saunders & Associates, PSC, and for their Response to Plaintiff's Motion to Reconsider, hereby state as follows:

**INTRODUCTION**

This Honorable Court's Opinion and Order, entered June 26, 2008, wherein the Court dismissed the Plaintiff's claims for improper venue (herein "Court's Opinion"), was thoroughly reasoned and analyzed, recognized applicable precedent, and correctly applied the law. The Plaintiff's Motion to Reconsider merely restates previous arguments and attempts to argue

matters that could have been asserted in its Response Brief to the Defendants' Motion to Dismiss. In summary, the Plaintiff's Motion to Reconsider fails to provide a sufficient basis to prompt this Court's reconsideration of the issues. Therefore, the Defendants respectfully request that this Court overrule the Plaintiff's Motion to Reconsider, and uphold its prior Opinion dismissing the Plaintiff's claims.

## REBUTTAL IN LAW

### I. Plaintiff Has No Grounds for its Motion to Reconsider

Plaintiff aptly points out in its own Motion to Reconsider that such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence . . . [and] reconsideration is not a vehicle for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricloe v. CBI Ind., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Moreover, the Plaintiff "recognizes that the 'manifest error' standard is daunting: it amounts to 'wholesale disregard, misapplication, or failure to recognize existing precedent.'" (Plaintiff's Motion to Reconsider, p. 2, citing *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1407 (S.D. Ind. 1994).

Notwithstanding the rigorous standards pointed out in the Plaintiff's own Motion, the Plaintiff is demanding that this Court reconsider its prior Opinion without having satisfied those very standards. As will be shown below, the Plaintiff's Motion fails to point out any "manifest errors of law" made by this Court, and fails to present "newly discovered evidence." Instead, the Plaintiff simply ignores the precedent cited by this Court, ignores the Court's discretion in this matter, rehashes the fact that the franchise contracts in dispute purportedly contain a choice of

2

forum clause, and intimates that said clause is determinative of the venue issue. The Plaintiff asserts in its Motion that this Court ignored the law and the facts, but the real impetus behind the Plaintiff's Motion is its unhappiness with this Court's interpretation of the law.

## II. The Law and the Facts Support this Court's Finding of Improper Venue

For the Plaintiff to defeat a Rule 12(b)(3) motion to dismiss, the Plaintiff bears the burden of establishing that venue is proper. *Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d 650, 657 (N. D. Ill 2005). When addressing a challenge to venue, this Court "may examine facts outside the complaint . . . to determine whether venue is proper." *Id*. This Court was provided a plethora of facts to aid in its analysis. The issues of both venue and personal jurisdiction were thoroughly briefed by both parties, and this Court even allowed discovery on these issues, resulting in lengthy depositions of the defendants and extensive written discovery. The Plaintiff had ample opportunity to make all of its arguments, and present all available evidence on this issue.

The Plaintiff's claims implicate this Court's jurisdiction under a federal question and diversity. For either kind of claim, venue is proper in "a judicial district in which a substantial part of the acts or omissions giving rise to the claim[s] occurred." 28 U.S.C. Section 1391(a)(2), (b)(2); see *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (stating that courts should "focus on relevant activities of the defendant, not of the plaintiff" in making venue decisions). As in the case at bar, when "multiple causes of action are joined, venue must be proper as to each one." *Payne v. Mktg. Showcase, Inc.*, 602 F. Supp. 656, 658 (N. D. Ill. 1985). Based on the overwhelming facts provided from the aforesaid discovery, Illinois is not where a substantial part of the events underlying both the contract claims and the breach of covenants not to compete claims occurred. See *Abramoff v. Shake Consulting, LLC*, 288 F. Supp. 2d 1, 4-5 (D.D.C. 2003);

3

*Fin. Mgmt. Servs., Inc. v. Coburn Supply Co., Inc.*, No. 02 C 8928, 2003 WL 255232, at *2 (N.D. Ill. Feb. 5, 2003); and *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003).

The Plaintiff asserts that *Abramoff* and *Fin. Mgmt.* are distinguishable and do not support the Court's Opinion. However, the Plaintiff clearly misunderstands this Court's usage of said cases. *Abramoff* and *Fin. Mgmt.* are not cited to be determinative of the issue pertaining to the parties' choice of forum clause. *Abramoff* and *Fin. Mgmt* are clearly cited in support of this Court's analysis under 28 U.S.C. Section 1391(a)(2), (b)(2), *Woodke* and *Payne* (a required venue analysis that is completely ignored by the Plaintiff). Namely, for venue to be proper in Illinois, a substantial part of the events underlying both the Plaintiff's claims must have occurred in Illinois.

The Plaintiff's Motion to Reconsider does not dispute the requirements of 28 U.S.C. Section 1391(a)(2), (b)(2), or the Court's reliance on *Woodke* and *Payne*. Moreover, the Plaintiff's Motion does not dispute the facts relied upon in the Court's Opinion. In regards to the Plaintiff's contract claims, it is undisputed that the initial discussions about the execution of and the alleged omissions of the subject franchise contracts, as well as the operation of the subject franchises, occurred in Tennessee and/or Kentucky (never in Illinois). As for the Plaintiff's breach of the covenants not to complete claims, the alleged breach occurred exclusively in Kentucky.

The Plaintiff's Motion to Reconsider fails to introduce new evidence to rebut the aforementioned factual findings, and fails to show that this Court ignored or misapplied the law governing 28 U.S.C. Section 1391(a)(2), (b)(2), or ignored the precedent of *Woodke* and *Payne*. Instead, the Plaintiff merely rehashes its argument that the choice of forum clause is determinative of the venue issue, and the Plaintiff inexplicably states that this Court

"overlooked" said clause in its analysis. However, this Court's Opinion dedicated a significant portion to the analysis of the express language of said clause.

In addressing the aforesaid choice of forum clause, which is the linchpin of the Plaintiff's entire argument, this Court correctly relied upon the precedent set forth by *Paper Express, Ltd. v. Pfankuch Mashinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). Namely, this Court had to determine whether the forum language of the subject clause was mandatory (i.e. the parties selected a particular forum), or permissive (i.e. the parties identified a potential forum, but did not designate an exclusive one). *Id.* The pertinent language of subject clause states, "The FRANCHISEE . . . *consents to the jurisdiction and venue* of the United States District Court for the Northern District of Illinois." (Emphasis supplied). Clearly, the foregoing language permits, but does not mandate, the use of an Illinois Court. Consequently, this Court correctly held that the Defendants did not waive their objections to personal jurisdiction by signing said contracts. If the Defendants did not waive their objections to personal jurisdiction, then logic dictates that the Defendants did not waive their objections to venue.

It is the Plaintiff, not this Court, which completely ignores precedent, by ignoring *Paper Express*. According to the Plaintiff, the permissive nature of the choice of forum clause has no bearing on the venue analysis. Despite this Court's Opinion and the holding of *Paper Express*, the Plaintiff rehashes its old argument that consent to personal jurisdiction or venue constitutes a waiver of jurisdiction and venue, and as such, the choice of forum clause must be upheld unless there is a showing of fraud or overreaching. The Plaintiff attempts to support its position with case law that is factually inapposite, legally inapplicable, non-binding, or outdated.

For example, in its Motion to Reconsider, the Plaintiff relies on *Newell Co. v. Lee*, 850 F.Supp. 864 (N. D. Ill 1997) and *IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.*,

5

437 F.3d 606 (7th Cir. 2006), but both *Newell* and *IFC* involved mandatory or exclusive, not permissive, forum selection clauses. The Plaintiff also relies on *Bonny v. Society of Lloyd's*, 3 F.3d 156 (7th Cir. 1993) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), but *Bonny* and *Carnival* apply to international agreements and admiralty cases, respectively. Of course, the cases relied upon by the Plaintiff still recognize that choice of forum clauses must be reasonable or fundamentally fair. Moreover, the Plaintiff cites no case law that allows choice of forum clauses to abrogate the requirements of 28 U.S.C. Section 1391(a)(2)&(b)(2).

Finally, the Plaintiff relies heavily on *Heller v. James Godbe Co.*, 601 F.Supp. 319 (C.D.Ill. 1984), which the Plaintiff states is "factually similar, analogous and controlling precedent." (Plaintiff's Motion to Reconsider, p. 4). According to the Plaintiff, in *Heller*, because "the defendants consented to venue in the forum selection clause, the Court ruled that defendants could not move to dismiss for improper venue." (Id.). Despite the Plaintiff's assertions, *Heller* is factually inapposite and is not controlling. First, *Heller's* analysis centers on the ability of a defendant to transfer venue, not the requirements of proper venue. Second, the *Heller* court found that the defendants therein consented to venue, but the Court was silent on whether the defendants therein waived their objections to venue (again, the *Heller* Court was ruling on a motion to transfer venue, not a motion to dismiss based on improper venue). Third, the language of the forum selection clause in the *Heller* case was mandatory, as opposed to the permissive language of the clause at bar (despite the Plaintiff's assertion that, in *Heller*, "Illinois was a permissive forum" - - the *Heller* court did not distinguish permissive or mandatory language, and that Court did not even use the phrase "permissive" in its holding). In *Heller*, said clause stated, in part, "the undersigned *do hereby submit* to the jurisdiction of any court . . . in the State of Illinois." [Emphasis added] However, as this Court pointed out, the clause at bar states

6

that the Defendants merely "agrees and consents to . . . venue of the United States District Court for the Northern District of Illinois." 601 F.Supp. at 320. Finally, *Heller* predates *Paper Express*, which is controlling as to the issue of mandatory versus permissive language in choice of forum clauses.

## CONCLUSION

As stated above, the Opinion and Order of this Honorable Court dismissing the Plaintiff's claims for improper venue was thoroughly reasoned and recognized and properly applied applicable legal precedent. The Plaintiff's Motion to Reconsider provides nothing new to prompt this Court's reconsideration of the issues. Therefore, the Defendants respectfully request that this Court overrule the Plaintiff's Motion to Reconsider, and uphold its prior Opinion dismissing the Plaintiff's claims.

Respectfully Submitted:

LEAHY, EISENBERG & FRAENKEL, LTD.

*s/Howard B. Randell*
Howard B. Randell
**LEAHY, EISENBERG & FRAENKEL, LTD.**
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603-5317
Phone: (312) 368-4554 Fax: (312) 368-4562
hbr@lefltd.com

And

Jason Todd Hardin, Pro Hac Vice
LARRY L. SAUNDERS & ASSOCIATES, PSC
One Riverfront Plaza, Suite 2014
401 W. Main Street
Louisville, Kentucky 40202
Phone: (502) 584-8000 Fax: (502) 589-5963
Jthardin01@aol.com

*Counsel for Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., and Thameling & Higdon, LLC*

F:\Case\209845\12723\RESPONSE -- MOT TO RECONSIDER.doc

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2008, the above document was electronically filed with the Clerk of above captioned court by using the CM/ECF system which will send a Notice of Electronic Filing, together with a copy of the foregoing document, to:

Fredric A. Cohen, Esq.
Andrew P. Bleiman, Esq.
Danielle M. Kays, Esq.
CHENG COHEN LLC
1101 West Fulton Market
Suite 200
Chicago, Illinois 60607

                                   *s/Howard B. Randell*
                                   Howard B. Randell
                                   ***Counsel for Defendants, James C. Higdon, Christian Higdon, Urick Thameling, Higdon & Higdon, Inc., Thameling & Higdon, LLC, Karen Higdon and Masters Transmission & Auto Repair, Inc.***